COBB, W., Senior Judge,
concurring and concurring specially.
I concur with the majority opinion that the evidence adduced below at the 3.850 evidentiary hearing did not establish that Bush’s original trial counsel, Weaver, was ineffective in his representation.
The dissent contends that it was attorney Weaver’s obligation to do more than merely subpoena two defense witnesses (Cook and Jones) to trial, and somehow do more than seek a continuance when those witnesses did not respond to their trial subpoenas and, again, do more than appeal the denial of his motion for a lengthier continuance to locate those witnesses. No such obligations existed. Weaver did everything that reasonably could have been expected of trial counsel. Indeed, what more could he have done?
The 3.850 motion for new trial was granted below because of the mistaken concept of the hearing judge (who was not the original trial judge) that Weaver deliberately declined to use Cook and Jones as witnesses because their testimony was “sparse.” The fact is that neither witness responded to a trial subpoena, and that fact cannot be blamed on Weaver. Weaver testified at the 3.850 hearing that his private investigative firm “were doing everything they could to stay in contact with these witnesses, (to) have them here.” There was no contrary evidence. Weaver had also asked Bush to help keep track of these witnesses, both of whom were his relatives.[1] It is very clear that these two witnesses would have been called to the stand by Weaver had they not ignored their subpoenas.
If the trial court erred in not granting Weaver a longer continuance, that was an error that should have been corrected by this court on appeal. It is unreasonable to now blame Weaver for our mistake, if mistake it was.[2] Nor should Weaver be *1182 blamed because Bush declined to take the stand in his own defense, which meant there was only one eyewitness in regard to the immediate facts of the alleged crimes.

. Cook was a brother-in-law; Jones was a cousin.

. See Bush v. State, 708 So.2d 282 (Fla. 5th DCA 1998).